UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ANGEL CASTREJON VENEGAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KORY LANE HONEA, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-02197-AC<br><br><br>ORDER |

Plaintiff, a county inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.　　Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

2

cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

At all times relevant to the allegations in the complaint, plaintiff was an inmate at the Butte County Jail. It is not clear to the court whether plaintiff was a pretrial detainee or was serving a sentence. The complaint details the inmate grievances that plaintiff filed between June 2020 and October 2021 concerning the handling of his inmate mail, the conditions of his confinement, and discrimination against him based on his lack of English language skills. Plaintiff challenges how these grievances were handled by the jail staff who are not identified in the complaint. Although it is not stated specifically, the court infers that plaintiff alleges that defendant Honea, the Butte County Sheriff in charge of the jail, is responsible for the improper handling of his inmate grievances.

Plaintiff also challenges the denial of his state habeas corpus petitions by three judges named as defendants in this action. Lastly, plaintiff names the Assistant County Counsel who filed an informal response to his habeas petition in the California Supreme Court as a defendant in this action.

By way of relief, plaintiff requests an audit of the Butte County Jail, protection "from possible retaliation," and a fair trial. ECF No. 1 at 3.

/////

3

IV. <u>Legal Standards</u>

A. <u>Supervisory Liability</u>

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).

B. <u>Inmate Grievances</u>

The existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates." <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); <u>see</u> also <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). This means that a prison official's action in reviewing an inmate grievance cannot serve as a basis for liability under Section 1983. <u>Buckley</u>, 997 F.2d at 495. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." <u>George v. Smith</u>, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

C. <u>Absolute Immunity for Judges</u>

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. <u>Pierson v. Ray</u>, 386 U.S. 547 (1967). A judge is "subject to liability only when he has acted in the 'clear absence

of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872). A judge's jurisdiction is quite broad. The two-part test of Stump v. Sparkman determines its scope:

> The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

### D.  Absolute Immunity for Prosecutors

Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986) (en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

### E.  Inmate Mail

Under the First Amendment, prisoners have a right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, a prison may adopt regulations or practices for inmate mail which limit a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, (1987). "When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a 'closer fit between the regulation and the purpose it serves.'" Witherow, 52 F.3d at 265 (quoting Thornburgh v. Abbott, 490 U.S. 401, 412 (1989)). Courts have also afforded greater protection to legal mail than non-legal mail. See Thornburgh, 490 U.S. at 413. Isolated incidents of mail interference or tampering will not support a claim under section 1983

for violation of plaintiff's constitutional rights.  See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights).  Generally, such isolated incidents must be accompanied by evidence of an improper motive on the part of prison officials or result in interference with an inmate's right of access to the courts or counsel in order to rise to the level of a constitutional violation.  See Smith, 899 F.2d at 944.

### F.  Conditions of Confinement

#### 1. Pretrial Detainees

"The more protective Fourteenth Amendment standard applies to conditions of confinement when detainees ... have not been convicted of a crime." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (internal quotations and citations omitted).  The due process clause of the Fourteenth Amendment "requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." Jackson v. Indiana, 406 U.S. 715, 738 (1972).

#### 2. Convicted Inmates

Following conviction, the Eighth Amendment's cruel and unusual punishment clause applies to challenges to an inmate's conditions of confinement.  In order for a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test.  Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837).  The first prong is an objective prong, which requires that the deprivation be "sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834).  In order to be sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities." Lemire, 726 F.3d at 1074.  The objective prong is not satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Hoptowit v.

1 Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d at 732 ("[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing"). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d at 731.

The second prong focuses on the subjective intent of the prison official. Peralta, 774 F.3d at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at 842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991). Mere negligence on the part of the prison official is not sufficient to establish liability. Farmer, 511 U.S. at 835.

V.   Failure to State a Claim

The court has reviewed plaintiff's complaint and concluded that it does not contain any claim for relief against defendants that can proceed. The defendants are either absolutely immune from civil liability based on their role as judges or prosecutors, or are linked to the asserted constitutional violations based only on their supervisory role or review of plaintiff's inmate grievances. This is not sufficient to state a claim for relief. Plaintiff will be given the chance to file an amended complaint that meets the legal standards contained in this order if he chooses to do so.

VI.   Leave to Amend

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode,

7

423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

Your complaint will not be served because the facts you alleged are not enough to state a claim against any defendant.  Processing an inmate grievance is not sufficient to link defendant Honea to a violation of your constitutional rights.  The remaining defendants are absolutely immune from civil liability for monetary damages.  In other words, you cannot sue judges and prosecutors for things they do as judges and prosecutors.  You may amend your complaint to try to fix these problems.  Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights.

////

If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: December 19, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE